FILED
 2008 May-29  PM 01:07
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEBRA WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 5:07-cv-01123-CLS |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant Debra Wilson commenced this action on June 14, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplementary security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is erroneous because the ALJ improperly substituted his own opinion for, and rejected the opinion of, consultive examiner Gerald Anderson, Ph.D., a psychologist who examined claimant at her attorney's request. Dr. Anderson's evaluation of claimant included an assessment of her I.Q., and claimant argues that the ALJ should have ordered additional I.Q. testing once Dr. Anderson's opinion was rejected. Upon review of the record, the court concludes that these contentions are without merit.

In the present case, claimant alleged that she was disabled as of January 1, 2003, due to ailments associated with her back, ankle, right arm, and kidneys.[1] The ALJ found that claimant's bronchitis, and pain in her back, ankle, and shoulder were "severe" impairments, but that they were not severe enough to meet or equal a listed impairment.[2] The ALJ also opined that claimant had the residual functional capacity to perform "light work" with limitations,[3] was not able to return to her past relevant work,[4] and, based on the testimony of a vocational expert, was able to perform other work in significant numbers in the national economy.[5] The ALJ then determined that

---

[1] Tr. at 67-68.
[2] *Id*. at 16, 19.
[3] *Id*. at 19.
[4] *Id*. at 21.
[5] *Id*. at 22.

claimant was not disabled. These conclusions were supported by substantial evidence.

The ALJ did not err by rejecting the opinion of Dr. Anderson. "An administrative law judge may not arbitrarily reject uncontroverted medical testimony." *Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982) (citing *Goodley v. Harris*, 608 F.2d 234 (5th Cir. 1979)). In contrast, medical opinions that are not supported by "clinical evidence" are properly discounted, and opinions of "one-time examiners," such as Dr. Anderson, "are not entitled to deference." *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).[6] *See also*, *e.g.*, 20 C.F.R. § 404.1527(d) (stating that a medical source's opinion that is not supported by clinical findings or other evidence will not be afforded great weight); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Contrary to claimant's argument, the ALJ did not arbitrarily reject Dr. Anderson's opinion. The ALJ summarized Dr. Anderson's opinion, and found that

---

[6]A "one-time examiner" is not a "treating physician." *McSwain*, 814 F.2d at 619. Unlike the opinion of a "one-time examiner," a treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1241-42 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *see also Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988) (distinguishing between the "substantial or considerable weight" that an ALJ must afford to the opinion of an "examining" or "treating" physician as opposed to the "little weight" given to the opinion of a "nonexamining" physician).

"[t]he conclusions of Dr. Anderson regarding claimant's mental/psychological capabilities and limitations are inconsistent with the evidence of record and are inconsistent with his own findings of record."[7] On that basis, the ALJ noted that "[n]o weight is accorded to [Dr. Anderson's] opinions."[8] It is outside this court's authority to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996). As such, it would be improper for this court to revisit the ALJ's rejection of Dr. Anderson's opinion, which is not entitled to deference, in light of the ALJ's determination that the opinion was inconsistent with other evidence of record, including Dr. Anderson's own testimony.

Likewise, claimant's argument that the ALJ had a duty to fully develop the record by ordering additional psychological testing of claimant to assess her I.Q. is without merit. While it is true that "the ALJ has a basic obligation to develop a full and fair record," *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988), claimant bears the ultimate burden of proving disability, and she is responsible for furnishing or identifying medical or other evidence regarding her impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and

---

[7] Tr. at 18.
[8] *Id.* at 19.

other evidence of the existence thereof as the Commissioner of Social Security may require."). Claimant's position would shift the burden of establishing disability to the Commissioner, and is, for that reason, rejected. Further, contrary to claimant's assertions, the ALJ is not *obligated* to order additional mental examinations if the opinions of claimant's medical sources are rejected. *See* 20 C.F.R. § 404.1517 ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we *may* ask you to have one or more physical or mental examinations or tests.") (emphasis supplied).

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 29th day of May, 2008.

_____
United States District Judge